UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
KAREN LINDER and ZULMA GOMEZ, on behalf
of themselves and all others similarly situated

       Plaintiffs,

   -against-           **COMPLAINT**

ARMANDO'S DELI Y PUPUSERIA INC. d/b/a
ARMANDO'S DELI & PUPUSERIA, JOSE N.  **COLLECTIVE ACTION**
MALDONADO, UMBERTO MALDONADO,
ARMANDO MALDONADO, and NELSON
MALDONADO,

       Defendants.
------------------------------------------------------------------X

  Plaintiffs Karen Linder and Zulma Gomez ("Plaintiffs") on behalf of themselves and all others similarly situated, by their attorneys Pechman Law Group PLLC, complaining of defendants Armando's Deli y Pupuseria Inc. d/b/a Armando's Deli & Pupuseria ("Armando's"), Umberto Maldonado, Armando Maldonado, and Nelson Maldonado (collectively, "Defendants"), allege:

## NATURE OF THE ACTION

  1. This action is brought to recover minimum wage, overtime compensation, and statutory penalties pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"), and the New York Labor Law § 190 *et seq.* ("NYLL").

  2. Armando's Deli & Pupuseria, a Salvadoran restaurant with locations in Westbury and Uniondale, New York, improperly paid Plaintiffs and other kitchen workers at a straight-time hourly rate below the minimum wage for all hours worked, including those over forty.

  3. In addition, Armando's failed to provide Plaintiffs and other kitchen workers with a wage notice at the time of their hiring or when their rate of pay

changed, and paid them their wages in cash without providing wage statements at the end of each pay period.

4. Upon these facts, Plaintiffs, on behalf of themselves and all others similarly situated, seek injunctive and declaratory relief against Defendants' unlawful actions and to recover compensation for unpaid minimum and overtime wages, liquidated damages, statutory damages, pre- and post-judgment interest, and attorney's fees and costs.

## JURISDICTION

5. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over Plaintiffs' claims under the NYLL pursuant to 28 U.S.C. § 1367.

## VENUE

6. Venue is proper in the Eastern District of New York under 28 U.S.C. § 1391, as Armando's is located in the Eastern District of New York.

## THE PARTIES

**Plaintiff Karen Linder**

7. Karen Linder resides in Nassau County, New York.

8. Defendants employed Linder as a cook from January 4, 2016 through February 10, 2017.

**Plaintiff Zulma Gomez**

9. Zulma Gomez resides in Nassau County, New York.

10. Defendants employed Gomez as a cook from March 3, 2016 through February 8, 2017.

**Defendant Armando's Deli y Pupuseria Inc.**

11. Defendant Armando's Deli y Pupuseria Inc. is a New York corporation that owns, operates, and does business as Armando's Deli & Pupuseria, with locations at 515 Union Avenue, Westbury, New York 11590 ("Westbury location") and 427 Jerusalem Avenue, Uniondale, NY 11553 ("Uniondale location").

12. The Westbury and Uniondale locations are open seven days a week, from 4:00 a.m. to 11:00 p.m.

13. Armando's is an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

14. Armando's has employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

15. Armando's has an annual gross volume of sales in excess of $500,000.

**Defendant Jose N. Maldonado**

16. Defendant Jose N. Maldonado is an owner of Armando's.

17. At all relevant times, Jose N. Maldonado had authority and exercised control over personnel decisions at Armando's, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

18. Jose N. Maldonado is listed as the principal for Armando's on the New York State Liquor Authority database.

19. According to the New York Department of State, Division of Corporations database, Jose N. Maldonado is the designated agent to receive mail process on behalf of the entity.

20. Jose N. Maldonado exercised sufficient control over Plaintiffs' and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA and NYLL.

**Defendant Umberto Maldonado**

21. Defendant Umberto Maldonado is an owner of Armando's.

22. At all relevant times, Umberto Maldonado had authority and exercised control over personnel decisions at Armando's, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

23. Umberto Maldonado managed the day-to-day operations of Armando's, and was regularly present in the Westbury location to supervise the employees.

24. Umberto Maldonado interviewed and hired Linder to work at the Westbury location of Armando's, and set her working hours and rate of pay.

25. Umberto Maldonado terminated Linder's employment from Armando's.

26. Umberto Maldonado was responsible for settling employees' schedules at the Westbury location, including Plaintiffs' and other kitchen workers.

27. For example, Umberto Maldonado changed Gomez's schedule from the day shift to the night shift in January 2017, and informed her of the change.

28. Umberto Maldonado exercised sufficient control over Plaintiffs' and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA and NYLL.

**Defendant Armando Maldonado**

29. Defendant Armando Maldonado is an owner of Armando's.

30. At all relevant times, Armando Maldonado had authority and exercised control over personnel decisions at Armando's, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

31. Armando Maldonado managed the day-to-day operations of Armando's, and was regularly present in the Uniondale location to supervise the employees.

32. Armando Maldonado interviewed and hired Gomez to work at the Westbury location of Armando's, and set her working hours and rate of pay.

33. Armando Maldonado exercised sufficient control over Plaintiffs' and the FLSA Collective members' working conditions, and over the unlawful policies and practices alleged in this Complaint, to be considered their employer under the FLSA and NYLL.

**Defendant Nelson Maldonado**

34. Defendant Nelson Maldonado is an owner of Armando's.

35. At all relevant times, Nelson Maldonado had authority and exercised control over personnel decisions at Armando's, including the power to discipline employees, hire and fire employees, set their wages, and otherwise control the terms and conditions of their employment.

36. For example, Nelson Maldonado was regularly present at the Westbury location and directed employees' work, including Plaintiffs' duties.

37. Nelson Maldonado handled accounting for Armando's and maintained employment records for the restaurants.

38. Nelson Maldonado exercised sufficient control over Plaintiffs' and the FLSA Collective members' working conditions, and over the unlawful policies and

practices alleged in this Complaint, to be considered their employer under the FLSA and NYLL.

## COLLECTIVE ACTION ALLEGATIONS

39. Plaintiffs bring the claims in this Complaint arising out of the FLSA on behalf of themselves and all similarly situated persons (*i.e.*, kitchen workers) who are current and former employees of Defendants since the date three years prior to the filing of this action who elect to opt-in to this action (the "FLSA Collective").

40. The FLSA Collective consists of approximately fifteen employees who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them minimum and overtime wages, and other monies.

41. As part of their regular business practices, Defendants have intentionally, willfully, and repeatedly harmed the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA and NYLL. This policy and pattern or practice includes, *inter alia*, the following:

   a. failing to keep accurate records of hours worked by the FLSA Collective as required by the FLSA and the NYLL;

   b. failing to pay the FLSA Collective minimum wages for all hours worked; and

   c. failing to pay the FLSA Collective overtime pay for all hours worked over forty.

42. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees their compensation.

43. Defendants' unlawful conduct has been intentional, willful, and in bad faith and has caused significant monetary damage to the FLSA Collective.

44. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to Armando's and are readily identifiable and locatable through its records. Those similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

## FACTUAL ALLEGATIONS

**Plaintiff Karen Linder**

45. Linder was employed as a cook at the Armando's Westbury location.

46. Throughout Linder's employment, Defendants paid her at a straight-time hourly rate for all hours worked, including those worked over forty per workweek.

47. From the beginning of her employment in January 4, 2016 until approximately April 2016, Defendants paid Linder at a rate of $8.00. per hour for all hours worked, including those worked over forty per workweek.

48. In approximately May 2016, and through February 10, 2017, Defendants increased Linder's hourly rate to $9.00 per hour for all hours worked, including those worked over forty per workweek.

49. Throughout her employment, Linder regularly worked in excess of forty hours per workweek.

50. From the beginning of her employment in January 4, 2016 until approximately April 2016, Linder worked six days a week, from approximately 1:00 p.m. to approximately 11:00 p.m., for a total of approximately sixty hours per workweek.

51. From approximately May 2016 through February 10, 2017, Linder worked six days a week, from approximately 4:00 a.m. to approximately 1:00 p.m., for a total of fifty-four hours per workweek.

7

52. Defendants did not furnish Linder with annual wage notices upon hiring or when her rate of pay changed.

53. Defendants paid Linder her wages in cash, without a corresponding wage statement at the end of each pay period.

**Plaintiff Zulma Gomez**

54. Gomez was employed as a cook at the Armando's Westbury location.

55. Throughout Gomez's employment, Defendants paid her at a straight-time hourly rate for all hours worked, including those worked over forty per workweek.

56. From the beginning of her employment on March 3, 2016 until approximately May 2016, Defendants paid Gomez at a rate of $8.00 per hour for all hours worked, including those worked over forty per workweek.

57. In approximately June 2016, and through February 8, 2017, Defendants increased Gomez's hourly rate to $9.00 for all hours worked, including those worked over forty per workweek.

58. Throughout her employment, Gomez regularly worked in excess of forty hours per workweek.

59. From the beginning of her employment in March 3, 2016 until approximately April 2016, Gomez worked six days a week, from approximately 1:00 p.m. to approximately 11:00 p.m., for a total of sixty hours per workweek.

60. From approximately April 2016 through February 8, 2017, Gomez worked five days a week, from approximately 4:00 a.m. to approximately 1:00 p.m., and one day a week from approximately 1:00 p.m. to approximately 11:00 p.m., for a total of fifty-five hours per workweek.

61. Defendants did not furnish Gomez with annual wage notices upon hiring or when her rate of pay changed.

62. Defendants paid Gomez her wages in cash, without a corresponding wage statement at the end of each pay period.

**FIRST CLAIM**
**(Fair Labor Standards Act – Unpaid Minimum Wage)**

63. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

64. Defendants are employers within the meaning of 29 U.S.C. §§ 203(e) and 206(a), and employed Plaintiffs and the FLSA Collective.

65. Defendants were required to pay Plaintiffs and the FLSA Collective the applicable minimum wage rate.

66. Defendants failed to pay Plaintiffs and the FLSA Collective the minimum wages to which they were entitled under the FLSA.

67. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiffs and the FLSA Collective.

68. As a result of Defendants' willful violations of the FLSA, Plaintiffs and the FLSA Collective suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, pre- and post-judgment interest, attorney's fees and costs of this action, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CLAIM
### (New York Labor Law – Unpaid Minimum Wage)

69. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

70. Defendants are employers within the meaning of the NYLL §§ 190, 651(5), 652, and supporting New York State Department of Labor Regulations, and employed Plaintiffs.

71. Defendants failed to pay Plaintiffs and the FLSA Collective the minimum hourly wages to which they were entitled under the NYLL.

72. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective minimum hourly wages.

73. As a result of Defendants' violations of the NYLL, Plaintiffs and other kitchen workers who opt into this lawsuit are entitled to recover unpaid wages, reasonable attorney's fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## THIRD CLAIM
### (Fair Labor Standards Act – Unpaid Overtime)

74. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

75. Defendants were required to pay Plaintiffs and the FLSA Collective one and one-half (1½) times their regular hourly rates for all hours worked in excess of forty hours in a workweek pursuant to the overtime wage provisions set forth in the FLSA, 29 U.S.C. § 207, *et seq.*

76. Plaintiffs and members of the FLSA Collective regularly worked over forty hours per week.

77. Defendants have failed to pay Plaintiffs and the FLSA Collective one and one-half (1 ½) times their regular hourly rate for hours worked over forty.

78. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay Plaintiffs and the FLSA Collective overtime wages.

79. Due to Defendants' violations of the FLSA, Plaintiffs and the FLSA Collective are entitled to recover unpaid overtime wages, liquidated damages, reasonable attorney's fees and costs of the action, and pre- and post-judgment interest.

### FOURTH CLAIM
### (New York Labor Law – Unpaid Overtime)

80. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

81. Under the NYLL and supporting New York State Department of Labor Regulations, Defendants were required to pay Plaintiffs and the other kitchen workers one and one (1½) half times their regular hourly rates for all hours worked in excess of forty.

82. Plaintiffs and the other kitchen workers regularly worked over forty hours per week.

83. Defendants have failed to pay Plaintiffs and the other kitchen workers one and one-half (1 ½) times their regular hourly rate for hours worked over forty.

84. Defendants have willfully violated the NYLL by knowingly and intentionally failing to pay Plaintiffs and the other kitchen workers overtime wages.

85. Due to Defendants' willful violations of the NYLL, Plaintiffs and other kitchen workers who opt into this lawsuit are entitled to recover unpaid overtime wages, reasonable attorney's fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## FIFTH CLAIM
### (New York Labor Law – Failure to Provide Annual Wage Notices)

86. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

87. The NYLL and Wage Theft Prevention Act ("WTPA"), as well as the NYLL's interpretative regulations, such as but not limited to 12 N.Y.C.R.R. Part 146, require employers to provide all employees with a written notice of wage rates at the time of hire and whenever there is a change to an employee's rate of pay.

88. Defendants failed to furnish to Plaintiffs and the other kitchen workers a notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer in accordance with NYLL § 191, and anything otherwise required by law; in violation of NYLL § 195(1).

89. Due to Defendants' violation of NYLL § 195(1), Plaintiffs and other kitchen workers who opt into this lawsuit are entitled to recover from the Defendants liquidated damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to NYLL § 198(1-b).

## SIXTH CLAIM
### (New York Labor Law – Failure to Provide Accurate Wage Statements)

90. Plaintiffs repeat and incorporate all foregoing paragraphs as if fully set forth herein.

91. The NYLL and WTPA also require employers to provide employees with an accurate wage statement each time they are paid.

92. Defendants failed to furnish to Plaintiffs and other kitchen workers, with each wage payment, a statement accurately listing: rate or rates of pay and basis

thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked, and the number of overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages; in violation of NYLL § 195(3).

93. Due to Defendants' violation of the NYLL, § 195(3), Plaintiffs and other kitchen workers who opt into this lawsuit are entitled to recover from the Defendants liquidated damages, reasonable attorney's fees, and costs and disbursements of the action, pursuant to the NYLL § 198(1-d).

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the FLSA Collective, respectfully request that this Court enter a judgment:

 a. authorizing the issuance of notice at the earliest possible time to all potential FLSA Collective members, composed of persons who were employed by Defendants as kitchen workers during the three years immediately preceding the filing of this action. This notice should inform them that this action has been filed, describe the nature of the action, and explain their right to opt into this lawsuit;

 b. declaring that Defendants have violated the minimum and overtime wage provisions of the FLSA and the NYLL;

 c. declaring that Defendants violated the notice and record keeping provisions of the Wage Theft Prevention Act;

 d. declaring that Defendants' violations of the FLSA and NYLL were willful;

 e. enjoining future violations of the FLSA and NYLL;

f. awarding Plaintiffs, the FLSA Collective, and other kitchen workers who opt into this lawsuit compensation for unpaid minimum and overtime wages;

g. awarding Plaintiffs, the FLSA Collective, and other kitchen workers who opt into this lawsuit liquidated damages pursuant to the FLSA and NYLL;

h. awarding Plaintiffs, the FLSA Collective, and other kitchen workers who opt into this lawsuit statutory damages as a result of Defendants' failure to furnish wage notices and a wage statement with the payment of wages pursuant to the NYLL;

i. awarding Plaintiffs, the FLSA Collective, and other kitchen workers who opt into this lawsuit pre- and post-judgment interest under the FLSA and the NYLL;

j. awarding Plaintiffs, FLSA Collective, and other kitchen workers who opt into this lawsuit reasonable attorney's fees and costs pursuant the FLSA and the NYLL; and

k. awarding such other and further relief as the Court deems just and proper.

Dated: New York, New York
April 7, 2017

PECHMAN LAW GROUP PLLC

By: _____
Louis Pechman
Vivianna Morales
488 Madison Avenue, 11th Floor
New York, New York 10022
Tel.: (212) 583-9500
pechman@pechmanlaw.com
morales@pechmanlaw.com
*Attorneys for Plaintiffs*